LOVE, J.,
Dissents and Assigns Reasons.
hi respectfully dissent from the majority’s opinion, in that I find the facts of Wainwright v. Fontenot, 00-0492 (La.10/17/00), 774 So.2d 70, distinguishable from the present case and would affirm. Wainwright established that a factfinder may properly find a defendant legally at fault for a plaintiffs injuries and award medical expenses without awarding general damages under the specific facts and circumstances of the case. Wainwright, 00-0492, p. 11, 774 So.2d at 78. In Wain-might, the jury partially awarded medical expenses, but did not award general damages for three days of an incorrect dosage of Prozac and an overnight hospital stay *634 for observational purposes. Id., 00-0492, pp. 2-4, 774 So.2d at 72-73.
However, in the present case, the jury-heard all of the testimony and found that the 1999 accident caused injuries to Mr. Cattles. The jury then awarded the total amount of Mr. Cattles’ medical expenses presented at trial, which included the cost of surgery. Pain and suffering is inherent with surgery and/or the possibility that the 1999 accident “exacerbated plaintiffs right knee injury,” as stated by the trial court judge. Mr. Cattles testified regarding his knee pain and subsequent surgery over two years after the 1999 accident. Once the jury factually determined that the 1999 accident caused injury to Mr. Cattles and awarded full |2medical damages, the jury’s verdict became inconsistent without any award for general damages.
The majority makes a factual finding that “Mr. Cattles’ surgery was precipitated by an unrelated accident, and that the subject accident only aggravated a preexisting condition.” The trial court’s reasons for judgment state: “Because this accident may have exacerbated plaintiffs right knee injury, the Court awards $50,000 in general damages.” I find that the trial court awarded damages for Mr. Cattles’ general pain and suffering, as opposed to the majority’s apparent holding that “only” aggravating a pre-existing condition does not warrant general damages. The trial court reviewed the record and found that reasonable persons could not conclude that Mr. Cattles did not have pain and suffering, even if “only” from an aggravated pre-existing condition. Therefore, I do not find that the trial court erred by granting the JNOV and would affirm.